# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARTIN D. TRIPLETT,

            Petitioner,

v.

            Case No. 22-CV-156-JPS

BRAD KOSBAB,

            **ORDER**

            Respondent.

## 1. INTRODUCTION

On February 7, 2022, Petitioner Martin D. Triplett ("Triplett") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

## 2. FACTUAL BACKGROUND

In 2015, following his entry of a guilty plea in Milwaukee County Case Number 2014CF000824, Triplett was convicted of "Manufacture/Deliver Heroin(>50g)," with two modifiers, "Second and Subsequent Offense" and "Party to a Crime."[1] The state court sentenced Triplett to a total term of 7 years of confinement and 3 years of extended supervision.[2]

---

[1] *State of Wisconsin v. Martin Dwayne Triplett*, Milwaukee Cnty. Case No., 2014CF000824, https://wcca.wicourts.gov/caseDetail.html?caseNo=2014CF000824&countyNo=40&index=0&mode=details (last visited July 19, 2022).

[2] *Id.*

Triplett filed a direct appeal. Therein, he argued the state court incorrectly prohibited his multiple efforts to withdraw his guilty plea. *State v. Triplett*, No. 2017AP1724-CR, 2020 WL 13336887, at *1 (Wis. Ct. App. Jan. 14, 2020). As basis for his appeal, Triplett argued that (1) he had presented a fair and just reason for plea withdrawal before sentencing, and the circuit court had erred by denying his requested relief; (2) he had pled guilty before he had access to the entirety of the discovery; (3) he had received ineffective assistance from his two trial attorneys, namely that his original retained trial counsel was ineffective for failing to ensure that Triplett received all of the discovery in a timely manner before his guilty plea, and his successor trial counsel was ineffective for failing to "present a proper case that Triplett either did not have all the discovery or adequate time to properly review all the discovery" before the plea hearing. *Id.* at *2. The Wisconsin Court of Appeals summarily affirmed the trial court's judgment. *Id.* at *6. Triplett appealed, and the Supreme Court of Wisconsin denied review on July 15, 2020.[3]

Subsequently, on March 10, 2021, Triplett filed a state habeas petition. ECF No. 1 at 2.[4] Therein, Triplett argued that (1) his Fourth Amendment rights were violated when the police equipped a private citizen, Dwight Cobbin, with a recording device to record Triplett; (2) Attorney Szabrowicz failed to obtain all of the information and materials needed to effectively advocate for Triplett; and (3) the Wisconsin Court of

---

[3]*Id.* ("08-20-2020 Order of the Supreme Court . . . IT IS ORDERED that the petition for review is denied, without costs.").

[4]*Martin D. Triplett v. Brad Kosbab*, Wis. Ct. App. No. 2021AP000406 - W, https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2021AP000406&cacheId=F1BE53AD9D4E10117CE77A8C0A472E1E&recordCount=1&offset=0&linkOnlyToForm=false&sortDirection=DESC (last visited July 19, 2022).

Appeals should have applied strict scrutiny when reviewing Triplett's state habeas petition. *Id.* It appears that the Wisconsin Court of Appeals denied Triplett's motion *ex parte*,[5] and the Wisconsin Supreme Court denied review on January 11, 2022.[6]

Now, Triplett seeks habeas relief on the same three grounds as in his state habeas petition. *See id.*

### 3. ANALYSIS

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

#### 3.1 Timeliness

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded,

---

[5] *Id.*

[6] *Id.*

followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Wisconsin Supreme Court denied review of Triplett's direct appeal petition on July 15, 2020. It does not appear that Triplett sought certiorari with the U.S. Supreme Court. Thus, his judgment became final ninety days later, on October 13, 2020. Triplett then had one year in which to file his petition (i.e., until October 13, 2021). Triplett did not file his federal petition until February 7, 2022. However, the time during which his state habeas petition pended—March 10, 2021 through January 11, 2022, i.e., 307 days—is tolled for purposes of filing a federal habeas petition. Thus, Triplett had until August 16, 2022. His petition is timely.

### 3.2 Exhaustion

Next, the Court analyzes whether Triplett fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*,

405 U.S. 504, 516 n.18 (1972). Based on Triplett's representations, it appears that he has fully exhausted each of the three claims in his present petition.

### 3.3 Procedural Default

The Court next determines whether Triplett has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it does not appear that Triplett has procedurally defaulted on his properly exhausted claims. However, because the state appellate court issued its order *ex parte*, the Court cannot ascertain the precise reasons why Triplett's grounds were denied.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Triplett's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Triplett's properly exhausted claims, it does not plainly appear that they are frivolous.

### 3.5 Mootness

Upon review of Triplett's petition, the Court discovered that, on February 1, 2022, Triplett was released from custody and placed on

Page 5 of 8
Case 2:22-cv-00156-JPS   Filed 07/20/22   Page 5 of 8   Document 4

extended supervision.[7] The Southern District of Illinois has summarized the appropriate standard in situations where a habeas petition is on supervised release:

> After release of a habeas petitioner from prison, the Court must address whether the petition still presents a case or controversy after the petitioner's release. Any petitioner who files his petition for habeas corpus relief while he is incarcerated is in custody within the meaning of the federal habeas corpus statues. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). This remains true even after an inmate is released. *See Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir.2004) ("[i]t has long been established that "custody" does not require physical confinement"); *Phifer v. Clark*, 115 F.3d 496, 500 (7th Cir.1997). Petitioners are therefore in custody when they are no longer confined by prison walls but are nevertheless serving a sentence that "involve[s] significant restraints on [their] liberty," such as a person on supervised release. *Jones v. Cunningham*, 371 U.S. 236, 242 (1963).

*Thompson v. Sherrod*, No. 11-CV-137-DRH, 2011 WL 3890297, at *1 (S.D. Ill. Sept. 2, 2011).

Still, even though Triplett may still be considered to be "in custody" while on supervised release,

> [t]he issue before the Court is therefore not whether the petition is moot because petitioner is no longer incarcerated, but whether there remains a case or controversy this Court can resolve. *See Spencer*, 523 U.S. at 7 (noting "[t]he more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2 of the Constitution."). Article III of the U.S. Constitution requires that judicial resources be reserved for those claims that present a live case or controversy. *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir.2004) (discussing *Spencer*, 523 U.S. at 7

---

[7]*Offender Detail*, Wis. Dep't Corrections, https://appsdoc.wi.gov/lop/details/detail (last visited July 19, 2022).

(noting the "case or controversy requirement subsists through all stages of federal judicial proceedings.")). Thus, where a federal court cannot provide a petitioner with effective relief, the case must be dismissed as moot. *Butler*, 360 F.3d at 790; *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (federal courts do not have the power "to decide questions that cannot affect the rights of litigants in the case before them."); *Spencer*, 523 U.S. at 7; *D. S.A. v. Circuit Court Branch 1*, 942 F.2d 1143, 1146, n. 2 (7th Cir.1990); *Handy v. Schwartz*, 2009 WL 35190, *1 (S.D. Ill. Jan.5, 2009) (noting a case is moot "when the Court can offer no relief because the harm is done and cannot be undone ... [and] the Court no longer has jurisdiction to hear it."). Thus, in the habeas corpus context, a petitioner who is released from custody may continue to seek the writ only if the Court can offer relief because "collateral consequences-lingering disabilities or burdens" exist. *D. S.A.*, 942 F.2d at 1146.

Collateral consequences may include infringements on the rights to vote, serve on a jury, or hold public office. *Handy*, 2009 WL 35190 at *1 (discussing *Carafas v. La Vallee*, 391 U.S. 234 (1958)). Collateral consequences are presumed to exist when a petitioner's habeas petition challenges his underlying criminal conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004). Courts do not apply this presumption to petitions where a released petitioner does not challenge his underlying criminal conviction but instead challenges the calculation of his sentence, because in that instance, collateral consequences are not likely. *Handy*, 2009 WL 35190 at *1; *Weiss v. Ind. Parole Bd.*, 230 F. App'x 599, 600 (7th Cir. 2007) (noting "no similar presumption extends to sentencing determinations"). In fact, unless there are collateral consequences at issue that can be addressed by a habeas corpus proceeding, a challenge to a released petitioner's sentence is moot. *Morningstar v. Hathaway*, 2008 WL 3461621, *1 (S.D. Ill. 2008) (discussing Spencer, 523 U.S. at 7).

*Id.* at 1–2.

In his petition, Triplett makes only vague mention that extended supervision can constitute an "ongoing detriment," ECF No. 1 at 5, but he does not state that he is (or was soon to be) on extended supervision. Further, Triplett "bears the burden of proving that such collateral consequences exist." *Morningstar*, 2008 WL 3461621, at *1. However, he has not alleged particular collateral consequences. Accordingly, the Court will give him opportunity to allege, with detail, the types of collateral consequences that he continues to suffer while on extended supervision.

### 4. CONCLUSION

As his petition is presently drafted, Triplett has alleged no grounds for relief that the Court can review. Accordingly, the Court will give him thirty (30) days to amend his petition to state the grounds on which he seeks review, namely the types of collateral consequences that he suffers. Failure to comply with this Order will result in dismissal. The Clerk of Court shall send Petitioner a copy of the form petition for habeas corpus § 2254 relief.

Accordingly,

**IT IS ORDERED** that within thirty (30) days, Petitioner shall file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, using the form provided to him and in accordance with this Order. Failure to do so will result in dismissal of his action for failure to prosecute. *See* Civ. L.R. 41(c).

Dated at Milwaukee, Wisconsin, this 20th day of July, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 8 of 8
Case 2:22-cv-00156-JPS   Filed 07/20/22   Page 8 of 8   Document 4